IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **PETER J. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-162-RAH-CWB |
| | ) | |
| **KAY IVEY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Peter J. Smith, who is proceeding *pro se*, filed this action on March 12, 2024 (Doc. 1) and subsequently sought leave to proceed *in forma pauperis* (Doc. 7). By Order entered June 11, 2024 (Doc. 9), *in forma pauperis* status was granted and service of process was deferred pending threshold review pursuant to 28 U.S.C. § 1915(e). After conducting such review and concluding that the Complaint was insufficiently pleaded, the undersigned entered an Order on June 21, 2024 (Doc. 10) directing Plaintiff to file an Amended Complaint no later than July 5, 2024. The Order set out with specificity how the Complaint was deficient and what information should be included within the Amended Complaint. (*Id.*). Plaintiff further was cautioned that "**failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure may result in a recommendation that the action be dismissed**." (*Id.* at p. 5) (bold in original). Notwithstanding the directive to replead and warning against not doing so, Plaintiff failed to take any type of action by the imposed deadline.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to

1

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. *See also Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). Here, the court finds that Plaintiff's failure to replead or otherwise respond constitutes a clear record of delay and/or willful contempt; and the court further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, where Plaintiff failed to take action despite having been warned about a potential dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons set forth in the June 21, 2024 Order. (*See* Doc. 10). In short, the Complaint (Doc. 1) fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. All of Plaintiff's allegations are vague and conclusory, without sufficient factual content to support the asserted legal conclusions. Such are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that have been deemed insufficient to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). Even construing the Complaint liberally, the court simply is unable to determine what Plaintiff is alleging against any of the defendants. *See Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotation marks and citation omitted).

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed **no later than July 30, 2024**. An objecting party must identify the specific portion(s) of all factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings or recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be taken only from an appealable order entered by the District Judge.

**DONE** this the 15th day of July 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**